IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-53-H

KIMBERLY A. REATH,                    )
                                      )
        Plaintiff,                    )
                                      )
                                      )          MEMORANDUM &
    v.                                )          RECOMMENDATION
                                      )
                                      )
SOCIAL SECURITY ADMINISTRATION,       )
                                      )
        Defendant.                    )

This matter is before the court for continued frivolity review following the

court's entry of an order requiring Plaintiff to particularize her complaint. Plaintiff

filed a particularized complaint on September 1, 2015. For the reasons set out below,

the undersigned RECOMMENDS that Plaintiff's claims against Defendant be

dismissed.

## DISCUSSION

### I.   Standard for Frivolity Review

Notwithstanding the court's determination that Plaintiff is entitled to in forma

pauperis status, the court is required to dismiss all or part of an action found to be

frivolous or malicious, which fails to state a claim on which relief can be granted, or

which seeks money damages from a defendant immune from such recovery. 28 U.S.C.

§ 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case

is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support her claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

2

## II.    Plaintiff's Claims

Plaintiff initiated this action upon filing an application to proceed in forma pauperis and her proposed complaint. In her original complaint, Plaintiff named the Social Security Administration as the defendant, but her complaint was devoid of any allegations or facts to support any claim against the agency. Plaintiff merely stated her address twice, stated that the jurisdiction is the "Eastern District," and requested relief in the form of "[t]he cost of living and a [sic] overpayment." (Compl. at 2-4 [DE #1-1].)

By order filed August 10, 2015, the court informed Plaintiff that her filings "fail to provide the defendant with the notice to which it is entitled under Rule 8 and fail to adequately state a claim upon which relief may be granted." (Aug. 10, 2015, Order [DE #3] at 3.) In light of Plaintiff's pro se status and out of an abundance of caution, the undersigned directed Plaintiff to particularize her complaint no later than September 2, 2015, by filing with the court "a new version of the complaint specifically naming the party or parties sued, the injury she claims to have suffered as a result of the actions of each defendant, the alleged facts supporting her claim, the dates of relevant events, and the grounds for the court's jurisdiction." (*Id.* at 4.) Plaintiff was warned that failure to file a particularized complaint may result in dismissal of her claims. Plaintiff filed a timely particularized complaint on September 1, 2015.

While Plaintiff filed a particularized complaint, it does not contain the information requested in the August 10, 2015, order. The particularized complaint

is a rambling letter addressed to the court in which Plaintiff appears to request social security payments due to her mental condition and lack of education, as well as custody of her four children. Plaintiff indicates that she has been approved for social security in the past, but payments were stopped due to Plaintiff not having an address to which the payments could be sent. Plaintiff does not state whether she has exhausted her administrative remedies regarding social security payments, and she does not include facts to support the assertion that she is disabled under the social security regulations.

Plaintiff also appears to request that her four children be returned to her custody. Plaintiff's letter indicates that her parental rights were terminated, presumably by the State of North Carolina. This court lacks jurisdiction as Plaintiff's right to appeal would lie in the North Carolina appellate courts and, thereafter, to the United States Supreme Court. As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Plaintiff is directly challenging the decision of the state court to terminate her parental rights. This would necessarily require review of the state-court judgments, which is prohibited under the *Rooker-Feldman* doctrine. Because the court is without

4

jurisdiction to review the judicial actions of the North Carolina state courts, Plaintiff's custody claim should be dismissed on this ground as well.

Plaintiff's pleadings in this case fail to meet the pleading standards set forth in *Twombly*. Although Plaintiff responded to the court's order directing her to file a more particularized complaint, she has failed to demonstrate the existence of subject matter jurisdiction and has failed to provide sufficient facts to give defendant fair notice of what her claims are and the grounds upon which they rest. Accordingly, the undersigned recommends that Plaintiff's claims be dismissed for lack of subject matter jurisdiction or, alternatively, pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's claims against Defendant be DISMISSED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until April 18, 2016, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local

Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 30th day of March 2016.

KIMBERLY A. SWANK
United States Magistrate Judge